### THE BLACKHEATH.

#### (District Court, S. D. Alabama. April 3, 1903.)

#### No. 1,012.

1. ADMIRALTY JURISDICTION—TEST—MARITIME TORTS.
    In matters of tort the jurisdiction in admiralty depends upon the locality and character of the thing injured, and not upon those of the origin of the tort.

2. SAME—INJURY TO STRUCTURE ATTACHED TO LAND—BEACON LIGHT.
    A court of admiralty is without jurisdiction of a suit to recover damages for injury to a beacon-light structure caused by collision of a steamship therewith, where the structure was immovable; being built on piles sunk in the bottom of a bay, and extending several feet above the surface of the water.

In Admiralty. Suit in rem.

M. D. Wickersham, U. S. Atty.

R. H. & N. R. Clarke, for claimant.

TOULMIN, District Judge. This is a libel in rem to recover damages for the destruction of a structure, and beacon or channel light constructed thereon, in the Bay of Mobile, caused from collision by said steamship. A witness for the libelants was introduced, who testified as to the character and construction of the structure on which the beacon light was placed, and where it was situated in the waters of the river or bay of Mobile; whereupon the claimant moved the court to dismiss the libel on the ground that the court had no jurisdiction of the subject-matter of the suit.

In matters of tort the jurisdiction in admiralty depends upon the locality of the thing injured. The locus of the damage, and not the locus of the origin of the tort, is the real test of admiralty jurisdiction. Hermann v. Port Blakely Mill Co. (D. C.) 69 Fed. 646; The Mary Garrett (D. C.) 63 Fed. 1009, and authorities therein cited. In the case of The Professor Morse (D. C.) 23 Fed. 803, it was held that an injury to a marine railway was not a maritime tort, although it extended out into the river for a long distance under the water, with one end resting on or near the bottom of the river, because the marine

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 226.

railway was not a floating structure. In the case of City of Milwaukee v. The Curtis et al. (D. C.) 37 Fed. 705, the court, speaking in reference to a swing bridge resting on a pier constructed on the bed of the river, and which was damaged by the negligent conduct of vessels navigating the river, said:

"The cause of the injury was a movable thing navigating the waters, but the consummation of the wrong was upon an immovable structure above the waters, attached to the land, and not afloat. The absence of admiralty jurisdiction over injuries to such structures is sustained by an overwhelming weight of authority."

And in the case of The Maud Webster, Fed. Cas. No. 9,302, Judge Blatchford held that a derrick resting on the soil of the bottom of a river, and in the midst of the water, which was injured by a vessel colliding with it, was not a case of admiralty jurisdiction. There are many other decisions to the same effect.

The law is well settled that no action can be maintained in admiralty for injuries done to a permanent structure resting upon land in a navigable stream, though the structure is lawfully there. Spencer on Marine Collisions, § 11. The question in this case is, where was the injury sustained—on land or on water? The proof is that the structure injured in this case was a permanent one. It was not floating, or susceptible of being floated. It was located 15 or 20 feet distant from the channel of the river or bay, about 2 miles south of the city of Mobile, in the midst of water 12 or 15 feet deep. It was constructed of piles driven into the soil at the bottom of the water to a depth of 12 or 13 feet, which piles were braced with iron bars above the top of the water. The piles extended some distance above the water, on the top of which a platform of 2x12 inch planks was fastened. On this platform an iron framework was erected to the height of 15 or 20 feet, to which a beacon light was suspended. The structure was an immovable one; that is, not a floating structure, or one susceptible of being floated. It was not on the water, but was below the surface of the water, resting well down in the soil at the bottom of the river or bay, and extending far above the top of the water. I think that, in legal contemplation, it was land.

It seems to me clear, under the decisions, that the injury sued for is not a subject of admiralty jurisdiction. Being, then, of the opinion that this suit is not within the jurisdiction of a court of admiralty, the libel must be dismissed. It is so ordered.